UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DELMAR THORNTON,

        Plaintiff,                       FILE NO. 2:06-CV-224

v.                                     HON. ROBERT HOLMES BELL

MARY BONNEVILLE,

        Defendant.
_____/

## ORDER AND JUDGMENT ADOPTING REPORT AND RECOMMENDATION

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to the Magistrate Judge for screening, pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A and 42 U.S.C. § 1997e(c). The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that this Court dismiss the action for failure to state a claim (docket #3). The matter presently is before the Court on Plaintiff's objections to the R&R (docket ##7, 10).

This Court reviews *de novo* those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). *See also U.S. Fidelity and Guar. Co. v. Thomas Solvent Co.,* 955 F.2d 1085, 1088 (6th Cir. 1992) (noting that a district court conducts *de novo* review of magistrate judge's rulings on dispositive motions); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

The complaint alleges that, on April 25, 2006, Plaintiff filed a grievance against Corrections Officer Flurry, who allegedly retaliated by filing a misconduct report against Plaintiff. According to the complaint, Plaintiff requested that Defendant Hearing Officer Mary Bonneville obtain a copy of the grievance before the misconduct hearing on May 5, 2006. Plaintiff asserts that, because Bonneville did not obtain the report, she improperly found him guilty of misconduct and continued him in administrative segregation, in violation of his right to substantive due process and his Sixth Amendment right to present evidence in his own behalf.

The Magistrate Judge concluded that Plaintiff failed to state a Sixth Amendment violation because the provision applies only to criminal prosecutions, not to prisoner disciplinary proceedings. *See Baxter v. Palmigiano*, 425 U.S. 308 (1976); *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The Magistrate Judge further concluded that Plaintiff had failed to allege a substantive due process violation because he could not demonstrate that the failure to obtain the report amounted to government conduct "so reprehensible as to 'shock the conscience.'" *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 n.4 (6th Cir. 1995) (citing *Rochin v. California*, 342 U.S. 165 (1952).

Plaintiff argues the Magistrate Judge applied the incorrect standard for substantive due process claims. Instead, he argues, the standard has been replaced by that set forth in *Thaddeus-X v. Blatter*, 175 F.3d 386 (6th Cir. 1999). Plaintiff's argument is without merit. The Magistrate Judge applied the correct standard for substantive due process. *Thaddeus-X* did not alter the standard for reviewing a substantive due process claim; it merely concluded that the substantive due process

standard does not apply to a First Amendment retaliation claim. Since Plaintiff does not bring a retaliation claim against Defendant, *Thaddeus-X* is inapposite and irrelevant.

Plaintiff next argues that his § 1983 claim should survive because Defendant's failure to obtain the report violated his rights under Michigan law. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Moreover, to the extent Plaintiff attempts to raise a procedural due process claim based on state law, his allegations are inadequate. A state rule does not create a constitutional liberty interest except in narrow circumstances. In *Sandin v. Hewitt*, 515 U.S. 472, 484 (1995), the Court set forth the standard for determining when a state-created right creates a federally cognizable liberty interest protected by the Due Process Clause. According to the *Sandin* Court, a prisoner is entitled to the protections of due process only when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995). *But cf. Wilkinson v. Austin*, 125 S. Ct. 2384, 2394-95 (2005) (placement in "supermax" facility sufficiently atypical to implicate due process). The *Sandin* Court concluded that mere placement in administrative segregation did not implicate a liberty interest because the segregation at issue in that case did not impose an atypical and significant hardship. *Sandin*, 515 U.S. at 484.

Plaintiff has not been subjected to an atypical and significant hardship under *Sandin*. Indeed, Plaintiff has failed to allege conduct by Defendant that caused any hardship at all. Plaintiff argues only that Defendant violated his rights by failing to obtain a copy of the grievance against Flurry. As the Magistrate Judge noted, Defendant expressly concluded at the misconduct hearing that

viewing the grievance was unnecessary, since it was undisputed that Plaintiff had filed a grievance against Flurry and that he defended the misconduct ticket on the theory that it was retaliatory. As a result, Defendant's failure to obtain the report was irrelevant to the finding of misconduct.

Having considered each of Plaintiff's objections and finding no error, the Court hereby denies Plaintiff's objections and adopts the Report and Recommendation of the Magistrate Judge as the opinion of the Court. Accordingly,

**IT IS ORDERED** that Plaintiff's objections (docket ##7, 10) to the Report and Recommendation of the Magistrate Judge are **DENIED** and the Report and Recommendation of the Magistrate Judge is **ADOPTED** in its entirety as the opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is dismissed for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A and 42 U.S.C. § 1997e(c).

**IT IS FURTHER ORDERED** that the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).

Date:    January 8, 2007            /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE